GARCÍA *v.* FONT ET AL.

APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 9.—Resuelto en abril 12, 1904.

BIENES PROPIOS DE CADA CÓNYUGE.—Son bienes propios de cada cónyuge los que se aportan al matrimonio, o se adquieran durante él por título lucrativo.

BIENES PARAFERNALES.—Son bienes parafernales los que la mujer aporte al matrimonio, sin incluirlos en la dote, y los que adquiere después de constituída ésta sin agregarlos a ella.

ID.—DOMINIO DE LOS MISMOS—SUS FRUTOS—BIENES GANANCIALES—SOCIEDAD DE GANANCIALES.—La mujer conserva el dominio de los bienes parafernales, pero sus frutos forman parte del haber de la sociedad conyugal y si no constara haberse disuelto la sociedad de gananciales, hay que conceptuar dichos frutos, como comprendidos en el número 3°. del artículo 1401 del Código Civil, o sea, como bienes gananciales.

MATRIMONIO—SEPARACIÓN DE BIENES.—A falta de declaración expresa en las capitulaciones matrimoniales, la separación de bienes entre los cónyuges, durante el matrimonio, no tendrá lugar sino en virtud de providencia judicial.(*)

EXPOSICIÓN DEL CASO.

En el juicio seguido ante el Tribunal de Distrito de San Juan, entre partes de la una Doña Francisca García y Macías, como demandante, a la que ha representado ante este Tribunal Supremo el Letrado Hilario Cuevillas Hernández, y luego Don Jacinto Texidor, y de la otra, Doña Catalina Font, bajo la representación del Letrado Don Rafael López Landrón y Estrados Don Paulino Andreu, sobre tercería de dominio de una finca rústica; cuyo juicio pende ante nos a virtud del recurso de casación, hoy de apelación, interpuesto por Doña Francisca García y Macías, contra la sentencia dictada por el referido tribunal que, copiada literalmente, dice así:

"*Sentencia.* En la ciudad de San Juan de Puerto Rico, a 14 de noviembre de 1902.

"*Visto* este juicio declarativo seguido por Doña Francisca García y Macías, dirigida y representada por el Letrado Don Hilario Cuevillas Hernández, contra Doña Catalina Font y Pons y Don Paulino Andreu y Mora, declarados en rebeldía, sobre tercería de dominio de una finca rústica en Santurce.

"*Resultando:* que enterado Don Paulino Andreu de que Doña Catalina Font deseaba entregar a renta vitalicia 3,000 pesos moneda provincial, por escritura otorgada en 27 de julio de 1895, convino en pasarle 720 pesos anuales de pensión, comprometiéndose a comprar o hipotecar dicho capital en una casa de esta capital que valga más de la referida suma al efecto de responderle de lo convenido.

"*Resultando:* que Doña Catalina Font y Pons, fundada en la mencionada escritura pública, primera copia, siguió juicio ejecutivo contra Don Paulino Andreu y Mora por 1,004 pesos de capital, 200 pesos por intereses y las costas, y librada la ejecución se trabó embargo el 28 de noviembre de 1899, en una estancia sitio del Machuchal, barrio de Santurce, con casa habitación y 200 cuerdas de terreno, colindando al Norte, con el mar, por el Sur la ciénaga de Seboruco, por el Este, Toribio Rodríguez, antes la Real Hacienda y por el Oeste, Don Pablo Clemente.

"*Resultando:* que Doña Francisca García y Macías, por escritura (*) otorgada en 21 de marzo de 1891, adquirió de Don Eusebio

Rodríguez y Fernández el condominio de una estancia en el sitio, barrio, número de cuerdas de terreno y colindancias antes expresadas, por precio convenido, donado y pagado de presente por Don José María San Juan y Berenguer, siendo la suma de 1,600 pesos la que la compradora reconocida aceptó, cuya escritura aparece inscrita en el registro de la propiedad en el tomo 75 del archivo 24 de la capital, en 20 de abril de 1895; y por otra escritura de 9 de julio de 1896 dicha García y Macías, adquirió de Doña Luisa, Doña Clemencia, Doña Herminia y Don Jorge Goico el resto del condominio de dicha estancia, inscrito a su favor en el registro, siendo el precio 750 pesos provinciales entregados en donación por el mencionado Don José María San Juan a la compradora, que lo aceptó, e inscrita dicha venta en el registro de la propiedad en 22 de febrero de 1897.

"*Resultando:* que por declaratoria ante el Notario Palmer, según escritura de 4 de abril de 1899, Don Paulino Andreu y Doña Francisca García después de sentar que ésta tiene entablada demanda de divorcio contra aquél por ser imposible la vida común, que hace tiempo viven separados, y en vista de las dilaciones por que se hace pasar el divorcio, declaran regirá entre ambos, mientras se dicte el fallo, lo siguiente: que no viven ni pueden vivir juntos sin peligro para ambos; que la García nada tiene que dar a Andreu de los frutos de sus aportaciones y demás bienes que adquiera para los efectos del artículo 1385 del Código Civil, ni Andreu a la García para su sostenimiento; que renuncian a todas las leyes que puedan oponerse a lo pactado; ratificando Andreu el poder dado a su esposa en 9 de julio de 1886.

"*Resultando:* que fundada en esos documentos, Doña Francisca García formuló demanda de tercería de dominio contra Doña Catalina Font y Don Paulino Andreu y pidiendo se declare que la finca expresada en los resultandos anteriores, embargada por la Font, le corresponde en dominio, se levante el embargo y se deje a su libre disposición; sentado como hechos los que aparecen de los resultandos expresados, agregando que no entregó a su marido dicha finca para administrarla; que no han tenido hijos en el matrimonio; siendo el derecho los artículos 60, 1381, a 1386; 1396, 1401 y 1531 a 1533 del Código Civil.

"*Resultando:* que declarada rebelde Doña Catalina Font y abierto (*) el juicio a prueba, de las del actor consta: primero, la certificación del secretario de este tribunal de las constancias del ejecutivo consistentes en la diligencia de embargo, la nota del registra-

dor de la propiedad no admitiendo el mandamiento para anotar el embargo por aparecer inscrita la finca a nombre de Doña Francisca García, copia del escrito pidiendo certificación de la nota de presentación de la escritura, en virtud de la que inscribió a nombre de la García la finca, expresando dicha certificación que la García, por su propio derecho, presentó la primera copia de la escritura de 9 de julio de 1896 y el acta notarial de 30 de diciembre de 1896 por la que Andreu consiente la donación que San Juan hace a la García del dinero con que adquiere; y al margen del asiento la nota de hecha la inscripción de la tercera parte del condominio de la estancia 'Machuchal' mencionada en anteriores resultandos, así como la presentación de la escritura de las otras dos terceras y hecha la inscripción.

"*Resultando:* además de la testifical del actor que a Doña Francisca García la han conocido siempre trabajando y que Andreu es de mala cabeza y se ha ausentado del país: y de la confesión de la demandada Doña Catalina Font, que prestó el dinero a Andreu con el consentimiento de su esposa, aunque no figura; que el documento es de 9,000 pesos con la obligación de pagarle 60 mensuales y que ella era la que llevaba el dinero todos los meses.

"Siendo Ponente el Sr. Juez Presidente Don Juan Morera Martínez.

"*Considerando:* que son bienes propios de cada cónyuge los que se aportan al matrimonio por títulos lucrativos cuando se hace sin condición de ningún género y que son bienes parafernales los que la mujer aporte al matrimonio sin incluirlos en la dote y los que adquiere después de constituida ésta, sin agregarlos a ella.

"*Considerando:* que la mujer conserva el dominio de los bienes parafernales; pero los frutos de dichos bienes forman parte del haber de la sociedad conyugal y no constando la separación de bienes en la forma prescrita por el artículo 1433 del Código Civil ni disuelta por tanto la sociedad de gananciales, hay que conceptuar (*) dichos frutos en el número tercero del artículo 1401 de dicho código.

"*Considerando:* que a falta de declaración expresa en las capitulaciones matrimoniales, la separación de bienes, entre los cónyuges durante el matrimonio, no tendrá lugar sino en virtud de providencia judicial.

"*Considerando:* que no accediéndose a todos los extremos de la demanda las costas deben imponerse sin especial condena.

"Vistas las disposiciones legales citadas y demás de aplicación general de la Ley de Enjuiciamiento Civil.

"*Fallamos:* que debemos declarar y declaramos con lugar la demanda de tercería interpuesta por Doña Francisca García en cuanto al dominio de la finca embargada a su esposo Don Paulino Andreu en el ejecutivo que le sigue Doña Catalina Font; y sin lugar en cuanto a los productos o rentas de la misma finca, sin especial condenación de costas. Así por ésta nuestra sentencia, lo pronunciamos, mandamos y firmamos. Juan Morera Martínez, Juan R. Ramos, José R. F. Savage."

*Resultando:* que contra esta sentencia interpuso Doña Francisca García Macías recurso de casación por infracción de ley, que le fué admitido; y elevados los autos a este Tribunal Supremo, con citación y emplazamiento de las partes, evacuaron éstas el trámite de instrucción que le fué conferido en atención a sustanciarse el recurso como de apelación, en virtud de la ley de la Asamblea Legislativa, aprobada en 12 de marzo de 1903, referente a la conversión de este tribunal, en corte de apelación, habiéndose señalado día para la vista, que tuvo lugar en 30 de marzo último, en cuyo acto informaron los letrados de las partes lo conducente a sus respectivas pretensiones.

Abogados del apelante: *Sres. Cuevillas* y *Texidor.*

Abogado del apelado: *Sr. López Landrón.*

La otra parte apelada no compareció.

EL JUEZ ASOCIADO SR. FIGUERAS, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la sentencia apelada, y (\*)

*Resultando:* que, dictado auto para mejor proveer se trató a vista el juicio sobre divorcio promovido por Doña Francisca García Macías contra su esposo Don Paulino Andreu Mora, y consta del mismo que en 6 de octubre de 1902 se dictó sentencia por la Corte de Distrito de San Juan, declarando con lugar la demanda, y en su virtud se decretó el divorcio del matrimonio celebrado por los cónyuges indicados, en 2 de julio de 1886, en cuanto a sus efectos civiles, constando ade-

más que el juicio se siguió en rebeldía del demandado y que el encabezamiento y la parte dispositiva de la referida sentencia se publicó en los días 13, 14 y 15 de noviembre de 1902 en el periódico "Heraldo Español" que se publica en esta ciudad, y todo se hizo en virtud de lo dispuesto en el artículo 283 de la Ley de Enjuiciamiento Civil.

*Considerando:* que no se han cometido los errores que se señalaron al formalizar el antiguo recurso de casación.

*Considerando:* que las costas deben imponerse a la parte cuyas pretensiones hayan sido totalmente desestimadas.

*Vistas* las disposiciones legales que en la sentencia recurrida se citan, y la Ley de la Asamblea Legislativa de 12 de marzo de 1903, con los artículos 358 y 371 de la Ley de Enjuiciamiento Civil y la Orden General No. 118, serie de 1899.

*Fallamos:* que debemos confirmar y confirmamos la sentencia que en 14 de noviembre de 1902 dictó la Corte de Distrito de San Juan, con las costas a cargo de la parte apelante, Doña Francisca García Macías, sin perjuicio de los derechos que puedan corresponder a dicha señora en virtud de la sentencia dictada en el pleito de divorcio seguido contra su esposo Don Paulino Andreu; y remítanse los autos de tercería y el de divorcio que se trajo en virtud del auto para mejor proveer, con certificación de esta sentencia, a la corte de Distrito de San Juan.

Jueces concurrentes: Sres. Presidente Quiñones y Asociado Hernández.

Los Jueces Asociados Sres. Sulzbacher y MacLeary(*) concurrieron también, pero exponiendo que no están conformes con la opinión en cuanto admite como prueba la sentencia dictada en el pleito de divorcio, que no formaba parte de los autos de la corte inferior.